UNITED STATES v. PERRY et al.

(Circuit Court, D. Massachusetts.   April 6, 1909.)

No. 115 (1,776).

CUSTOMS DUTIES (§ 30*)—CLASSIFICATION—FROZEN FISH.

Under Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 261, 30 Stat. 171 (U. S. Comp. St. 1901, p. 1651), relating (1) to "fish, fresh, * * * frozen, packed in ice, or otherwise prepared for preservation, not specially provided for," and (2) to "salmon, fresh," salmon packed in ice for preservation are dutiable under the first provision; for Congress by enumerating fish packed in ice separately from fish fresh, indicated an intention to exclude the former class from the provision for the latter.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 30.*]

On Application for Review of a Decision by the Board of United States General Appraisers.

The decision of the Board of General Appraisers, which is reported as G. A. 6,208 (T. D. 26,856), sustained the protests of F. C. Perry and others against the assessment of duty by the collector of customs at the port of Boston. The Board's opinion reads as follows:

FISCHER, General Appraiser. These protests cover a very large number of importations of mackerel, halibut, and salmon, packed in ice for preservation and contained in packages each of which is of a capacity not less than one half barrel. Duty was assessed thereon at the rate of 1 cent per pound under the last subdivision of Tariff Act July 24, 1897, c. 11, § 1. Schedule G, par. 261, 30 Stat. 171 (U. S. Comp. St. 1901, p. 1651), and the merchandise is claimed to be dutiable properly at three-fourths of 1 cent per pound under the first subdivision of said paragraph.

Paragraph 261 reads as follows:

"261. Fish, fresh, smoked, dried, salted, pickled, frozen, packed in ice, or otherwise prepared for preservation, not specially provided for in this act, three-fourths of one cent per pound; fish, skinned or boned, one and one-fourth cents per pound; mackerel, halibut or salmon, fresh, pickled or salted, one cent per pound."

It is obvious that the first subdivision of this paragraph is broad enough to cover all fish (except, perhaps, living) in every conceivable condition, fresh or preserved, and that, if the lawmakers had omitted all other reference to fish in the tariff, all denizens of the deep would be dutiable under said subdivision. It follows that, unless a particular kind of fish, whether considered with reference to its species or its condition or manner of preservation, is specifically provided for in other portions of the fish schedule, it is dutiable under the opening clause of paragraph 261.

With these considerations in mind we shall apply ourselves to the question before us. There is here no dispute as to the facts. The fish are mackerel, halibut, and salmon, respectively. They are fresh, in the sense of not having been dried, smoked, salted, or pickled, and they are imported packed in ice. The question to be determined, then, is one of law—whether or not the provision for "mackerel, halibut or salmon, fresh," includes such varieties of fish when imported frozen or packed in ice. It seems to us that, by the terms of the paragraph itself, this query must be answered in the negative. Congress, by separately enumerating fish fresh, fish frozen, and fish packed in ice, has differentiated the three classes of fish; and that this is no mere redundancy of terms, but, on the contrary, is a legislative recognition of a distinction that is well attested by decisions of the courts and the Board, by rulings of the Treasury Department, and by the testimony of numerous trade witnesses in other hearings before the Board, is indisputable.

We are referred to the case of Cross v. Seeberger (C. C.) 30 Fed. 427, as an authority adverse to the claim of the protestants in the cases at bar; but on examination and full consideration of it we do not find that this is accurate. That case arose under Tariff Act March 3, 1883, c. 121, 22 Stat. 488, which contained a provision for fresh fish, but none for frozen fish or fish packed in ice, and it held that an importation of frozen fish in bulk was free of duty under paragraph 699 of that act as "fish, fresh, for immediate consumption"; that is, under a statute which contained no provision for frozen fish, it was held that the provision therein for fresh fish was broad enough to cover frozen fish—a conclusion that is obviously sound, because the only other styles of fish mentioned were those pickled, salted, dried, etc. When, however, a subsequent statute makes a denominative provision for frozen fish, it follows as a logical consequence, and by an elementary rule of construction that it is thereby removed from the operation of the broader provision and is dutiable under its specific enumeration, which is the precise condition we have in the tariff act of 1897, under which these importations were made.

We hold, therefore, that mackerel, salmon, and halibut, when frozen or packed in ice, are not dutiable as "mackerel, salmon or halibut, fresh," but fall within the terms of the opening clause of paragraph 261, and are dutiable at three-fourths of 1 cent per pound, as claimed. The protests are accordingly sustained, and the decision of the collector reversed in each case.

This conclusion is in exact accord with that announced by the Board in G. A. 5,727 (T. D. 25,430), on frozen halibut. It is true that in G. A. 6,127 (T. D. 26,646), a ruling of a different tenor was made; but it appears that in that case the fish had been assessed at 30 per cent. ad valorem under paragraph 258, and the only claim of the protest was at 1 cent per pound under paragraph 261, no mention being made of the three-fourths of a cent per pound. The point at issue here was not squarely presented in that case, and the Board which made the decision inadvertently overlooked the previous ruling of G. A. 5,727. G. A. 6,127 may be considered as overruled.

Precisely in point is G. A. 5,726 (T. D. 25,429) where the Board overruled a claim that certain smoked herring upon which duty had been assessed as smoked fish were properly dutiable as "herrings, pickled or salted," on the ground that herrings are salted before they are smoked, and that consequently the provision for salted herring is sufficiently broad to include smoked herring. The Board negatived this contention, and held that "smoked," having a narrower signification than "salted," was a more specific provision. On appeal this decision was affirmed in Mattlage v. U. S. (C. C.) 139 Fed. 704, T. D. 26,037.

William H. Garland, Asst. U. S. Atty.

Searle & Pillsbury (Charles P. Searle, of counsel), for importers.

COLT, Circuit Judge. In this case I fully concur in the conclusion of the Board of General Appraisers, and I can add nothing to the opinion of General Appraiser Fischer, speaking for the Board.

The decision of the Board of General Appraisers is affirmed.