### STROHMEYER & ARPE CO. *v.* UNITED STATES (No. 1345).[1]

FRESH MACKEREL PACKED IN ICE IN PACKAGES.

The merchandise does not come within the *eo nomine* designation of fresh mackerel in paragraph 273, tariff act of 1909. It was properly assessed as fish in packages of less than one-half barrel, dutiable at 30 per cent ad valorem under paragraph 270, act of 1909.

United States Court of Customs Appeals, May 28, 1914.

APPEAL from Board of United States General Appraisers, Abstract 34762 (T. D. 34186).
[Affirmed.]

*Brown & Gerry* for appellants.

*William L. Wemple,* Assistant Attorney General (*Charles D. Lawrence,* special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise involved in this case was reported by the appraiser to be "fresh mackerel packed in ice in packages containing less than 100 pounds (the regular half-barrel quantity)." The appraiser returned the same for duty as fish in packages of less than one-half barrel dutiable at 30 per cent ad valorem under paragraph 270, act of 1909. Duty was assessed upon the importation in accordance with this return.

---

[1] Reported in T. D. 34530 (26 Treas. Dec., 941).

The importers duly filed their protest against the assessment, claiming duty upon the merchandise at the rate of 1 cent per pound under the provision for "mackerel, * * * fresh," in paragraph 273 of the act of 1909, or alternatively at three-fourths of 1 cent per pound as fish, smoked, dried, salted, pickled, or otherwise prepared, or at 1¼ cents per pound as fish skinned or boned under the same paragraph.

The protest was submitted without evidence to the Board of General Appraisers and the same was overruled, from which decision the importers now appeal.

The following is a copy of the relevant part of paragraph 270 and of paragraph 273 in full:

270. * * * Fish in packages, containing less than one-half barrel, and not specially provided for in this section, thirty per centum ad valorem; * * *.

273. Fish, fresh, smoked, dried, salted, pickled, frozen, packed in ice or otherwise prepared for preservation, not specially provided for in this section, three-fourths of one cent per pound; fish, skinned or boned, one and one-fourth cents per pound; mackerel, halibut, or salmon, fresh, pickled, or salted, one cent per pound.

The sole question in the case is whether the imported mackerel are dutiable under the provision for "fish in packages, containing less than one-half barrel, and not specially provided for in this section," contained in paragraph 270, or under the provision for "mackerel, * * * fresh," contained in paragraph 273.

The appellants present this issue to the court as a competition in specificity between these two classifications, and argue that the *eo nomine* provision for fresh mackerel is more specific than the general classification of fish in packages containing less than one-half barrel.

If this were the question actually involved in the case it would be easy of answer, for obviously such an *eo nomine* designation should control the assessment rather than a competing description of so general a character. The real issue in the case, however, does not relate to a comparison between these two classifications, but raises the question whether these importations actually fall within the *eo nomine* designation of fresh mackerel, as that term is used in paragraph 273. It is true that the appraiser reported the merchandise to be fresh mackerel, but he qualified this by the statement that they were also packed in ice. The question therefore arises whether mackerel when packed in ice can be fresh mackerel within the intendment of paragraph 273, *supra.*

This question was considered by the board in the Perry case, which arose under paragraph 261 of the act of 1897 (T. D. 26856). That paragraph was identical in language with paragraph 273 of the act of 1909. The following extract is taken from the decision, in which Fischer, General Appraiser, speaking for the board, sets out the conclusion therein reached:

Paragraph 261 reads as follows:

261. Fish, fresh, smoked, dried, salted, pickled, frozen, packed in ice or otherwise prepared for preservation, not specially provided for in this act, three-fourths of one cent per pound; fish, skinned or boned, one and one-fourth cents per pound; mackerel, halibut or salmon, fresh, pickled or salted, one cent per pound.

It is obvious that the first subdivision of this paragraph is broad enough to cover all fish (except perhaps living) in every conceivable condition, fresh or preserved, and that if the lawmakers had omitted all other reference to fish in the tariff all denizens of the deep would be dutiable under said subdivision. It follows that unless a particular kind of fish, whether considered with reference to its species or its condition or manner of preservation, is specifically provided for in other portions of the fish schedule, it is dutiable under the opening clause of paragraph 261.

With these considerations in mind, we shall apply ourselves to the question before us. There is here no dispute as to the facts. The fish are mackerel, halibut, and salmon, respectively; they are fresh, in the sense of not having been dried, smoked, salted, or pickled, and they are imported packed in ice. The question to be determined then is one of law—whether or not the provision for "mackerel, halibut, or salmon, fresh," * * * includes such varieties of fish when imported frozen or packed in ice.

It seems to us that by the terms of the paragraph itself this query must be answered in the negative. Congress by separately enumerating fish fresh, fish frozen, and fish packed in ice has differentiated the three classes of fish and that this is no mere redundancy of terms, but, on the contrary, is a legislative recognition of a distinction that is well attested by decisions of the courts and the board, by rulings of the Treasury Department, and by the testimony of numerous trade witnesses in other hearings before the board is indisputable.

*    *    *    *    *    *    *    *

We hold therefore that mackerel, salmon, and halibut, when frozen or packed in ice, are not dutiable as "mackerel, salmon, or halibut, fresh," but fall within the terms of the opening clause of paragraph 261 and are dutiable at three-fourths of 1 cent per pound, as claimed. The protests are accordingly sustained and the decision of the collector reversed in each case.

A similar ruling of the board upon frozen halibut appears in T. D. 25430. It thus appears that under paragraph 261 of the act of 1897, which was identical with paragraph 273 of the act of 1909, it was held by the board that mackerel packed in ice were not "fresh mackerel" according to the meaning with which that term was used in the *eo nomine* provision of the paragraph.

The Perry case was appealed by the Government to the Circuit Court, District of Massachusetts, where the board's decision was affirmed upon the reasoning above set out. United States *v.* Perry (171 Fed., 303). In Notes on Tariff Revision (pp. 321, 322), the attention of Congress was called to the decision of the board in the two cases above cited, and the statement was made that an appeal in the Perry case was then pending in the Circuit Court. That appeal was decided in April, 1909, before the enactment of the tariff revision of 1909. No change, however, was made by Congress in the language of the corresponding paragraph of the revision of 1909.

The court is led by the reasoning of the board in the foregoing cases, and also by the implied approval thereof by Congress by the enactment of the corresponding paragraph in the act of 1909 in

identical terms, to the conclusion that the *eo nomine* designation of fresh mackerel appearing in paragraph 273 of the act of 1909 was not intended by Congress to cover or include such mackerel as were frozen or packed in ice, even though these also might in some senses be called fresh mackerel. Therefore the present issue is not to be decided by a comparison in specificity between the general description and the *eo nomine* designation above written, since the imported merchandise does not actually come within the terms of the *eo nomine* designation in question.

Under the act of 1897 the ruling of the board above cited caused the fish in question to be classified as fish frozen or packed in ice, dutiable under the first part of paragraph 261, which ruling sustained the claim made by the importers in the case. However, in the present case the protest is insufficient to invoke that classification under the corresponding provisions of the act of 1909, since as first above recited the only alternative claims made under the relevant paragraph are for assessment of the merchandise as fish, smoked, dried, salted, pickled, or otherwise prepared, or as fish skinned or boned. The present merchandise does not fall within any of these descriptions, and no claim was made in the protest for assessment under the provision for fish frozen or packed in ice. Indeed this claim seems to have been carefully avoided in the protest. Therefore the record does not present the question of a competition between the classifications of fish packed in ice with fish in packages containing less than one-half barrel. The collector's assessment must therefore be sustained and the board's decision to that effect is *affirmed*.