## UNITED STATES *v.* FENTON CO. (No. 2574) [1]

CONSTRUCTION, PARAGRAPH 1656, TARIFF ACT OF 1922—FROZEN SEA HERRING— LEGISLATIVE HISTORY—TAUTOLOGY.

Paragraph 1656, Tariff Act of 1922, accords free entry to "Fresh sea herring and smelts and tuna fish, fresh, frozen, or packed in ice." The word "fresh" was inserted before "sea herring" by a Senate amendment to the House bill. To hold that the words fresh, frozen, or packed in ice modify "sea herring" would involve the tautology of "Fresh sea herring * * * fresh." The use of two "ands" instead of one negatives the idea. Frozen sea herring, then, are not classifiable under this paragraph, but are relegated to the provision of paragraph 717 for "other fish, not specially provided for."

United States Court of Customs Appeals, February 25, 1926

APPEAL from Board of United States General Appraisers, G. A. 8962 (T. D. 40772)

[Reversed.]

*William W. Hoppin* and *Charles D. Lawrence,* Assistant Attorneys General (*William H. Futrell,* special attorney, of counsel), for the United States.

*Barnes, McKenna & Halstead* (*Albert MacC. Barnes, jr.,* of counsel) for appellee.

[Oral argument December 8, 1925, by Mr. Lawrence and Mr. Barnes]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

The merchandise, the classification of which is here involved, is referred to in the record as herring, but Government counsel in open court concedes that, for the purposes of this case, it may be regarded as, and is, sea herring. It is agreed that it has been artificially frozen.

The only question raised is whether, as matter of law, it is properly classifiable under the duty paragraph 717 of the Tariff Act of 1922 providing for—

Fish, fresh, frozen, or packed in ice: Halibut, salmon, mackerel, and swordfish, 2 cents per pound; other fish, not specially provided for, 1 cent per pound—

---

[1] T. D. 41426.

or, under the free entry paragraph 1656 providing for—

Fresh sea herring and smelts and tuna fish, fresh, frozen, or packed in ice.

The Board of General Appraisers sustained the protest and held that paragraph 1656 was controlling.

This paragraph as first enacted by the House read:

Sea herring and tuna, fresh, frozen or packed in ice.

It was amended in the Senate and finally became law in the language already quoted; that is, the word "fresh" was inserted before the words "sea herring"; and the other changes made as the language shows.

The importers argue that the term "frozen, or packed in ice," relates back to and modifies the expression "fresh sea herring," while the Government contends that it only modifies "smelts and tuna fish." The Government also correctly points out that if the importers' contention be adopted it involves the tautology of reading the paragraph as if its language were "fresh sea herring, fresh, frozen or packed in ice."

In *Strohmeyer* v. *United States*, 5 Ct. Cust. Appls. 331, we considered the provisions of 273 of the act of 1909 providing for—

Fish, fresh, * * * frozen, packed in ice * * *; mackerel * * * · fresh, pickled or salted * * *—

in connection with paragraph 270 of that act which provided for—

Fish in packages, containing less than one-half barrel, not specially provided for.

After a careful examination of the subject including a review of previous tariff acts and various applicable decisions, we came to the deliberate conclusion that Congress in enacting paragraph 270 of the act had intended to distinguish between fresh mackerel and mackerel frozen or packed in ice, even though in some senses the latter might be called fresh mackerel; that is to say, that by using the terms fish fresh, fish frozen, and fish packed in ice, Congress had differentiated between these three classes of fish. In that conclusion we agreed with the Board of General Appraisers in that case.

The same distinction is found in paragraph 1656 as well as in 717 of the present act.

If Congress intended that sea herring frozen, or packed in ice, should be given free entry under paragraph 1656, it were unnecessary to insert the word "fresh" before "sea herring" in the paragraph as first enacted by the House. The insertion of that word at the beginning of the paragraph, and its retention where it was first placed by the House, clearly indicates that Congress intended to continue its former distinction between fish fresh, fish frozen, and fish packed in ice. The first use of "and" in the paragraph also makes against the importers' contention.

In view of all this it must be held that fresh sea herring are the only herring entitled to free entry under the paragraph and that sea herring which have been frozen or packed in ice are not entitled to that favor.

The herring here are not included in the fish named in the first part of paragraph 717 but are dutiable at 1 cent per pound under the last part thereof, as other fish not specially provided for, as assessed by the collector.

The judgment below is *reversed.*